FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 19, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NATHAN HOFSTADER, individually and on behalf of others similarly situated, and RICHARD CERENZIA, individually and on behalf of all others similarly situated,<br><br>               Plaintiffs,<br><br>   v.<br><br>PROVIDENCE HEALTH AND SERVICES, SACRED HEART MEDICAL CENTER, and PROVIDENCE HOLY FAMILY HOSPITAL,<br><br>               Defendants. | No. 2:18-cv-00062-SMJ<br><br>**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARD OF ATTORNEY FEES, COSTS, AND SERVICE AWARDS** |

After arm's length negotiations and settlement discussions, Plaintiffs Nathan Hofstader and Richard Cerenzia (collectively, "Plaintiffs"), and Defendant Providence Health and Services ("Defendant") entered in to a Class Action Settlement Agreement ("Agreement"), which is subject to review under the Federal Rules of Civil Procedure. On July 17, 2019, the parties filed the Agreement, along with Plaintiff's Motion for Preliminary Approval of Class Action Settlement Agreement ("Preliminary Approval Motion"). *See generally* ECF No. 50.

ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARD OF ATTORNEY FEES, COSTS, AND SERVICE AWARDS – 1

On August 24, 2020, upon consideration of the Agreement, Preliminary Approval Motion, and the record, the Court entered an Order of Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Order"). *See generally* ECF No. 51. Under the Preliminary Approval Order, the Court, among other things, (1) preliminarily approved the proposed settlement; (2) appointed Hofstader and Cerenzia as the Class Representatives; (3) appointed Kazerouni Law Group, APC and Mayo Law Group, PLLC as Class Counsel; and (4) set the date and time of the Final Approval Hearing. *Id*.

On November 9, 2020, Class Counsel timely moved for final approval of the class action settlement and for attorney fees, costs, and incentive award. ECF No. 54 ("Final Approval Motion"). Under their Final Approval Motion, Plaintiffs request final approval of the proposed class action settlement and approval of Plaintiffs' motion for attorney fees, costs, and incentive award. *Id*.

On February 19, 2021, the Court conducted a hearing to determine whether the lawsuit satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interests of the Class Members and should be approved by the Court. ECF No. 55. The Court has reviewed and considered the Agreement, Final Approval Motion, and the record. All capitalized terms used herein have the meanings defined herein and/or in the Agreement.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiffs' Unopposed Motion for: (1) Final Approval of Class Action Settlement, [and] (2) Award of Attorneys' Fees, Costs, and Service Awards, **ECF No. 54**, is **GRANTED**.

2. *Jurisdiction*. The Court has jurisdiction over the subject matter of the Action and over all settling parties hereto.

3. *Settlement Class Members.* The Class is defined as:

   All individuals (or their guardians or representatives) who from February 20, 2014, until the date the Motion for Preliminary Approval is filed with the Court, who received emergency care medical treatment from a [Providence Health and Services Washington] PHS-WA hospital, or a PHS hospital in Washington State.

4. *Class Representatives and Class Counsel.* The Court finally certifies Nathan Hofstader and Richard Cerenzia as the Class Representatives and has appointed Abbas Kazerounian and Ryan L. McBride of Kazerouni Law Group, APC, and Boyd M. Mayo of Mayo Law Group, PLLC as Class Counsel.

5. *Notice and Claims Process.* Pursuant to the Court's Preliminary Approval Order, the Claims Administrator has complied with the approved notice process as confirmed in its declaration filed with the Court. The form and method for notifying the Settlement Class members of the settlement and its terms and conditions was in

conformity with this Court's Preliminary Approval Order and satisfied the requirements of the Federal Rules of Civil Procedure and due process, and constituted the best notice practicable under the circumstances. The Court finds that the notice process was clearly designed to advise the Settlement Class members of their rights. Further, the Court finds that the opt-out and exclusion process set forth in the Agreement was followed and that the process was the best practicable procedure under the circumstances.

6. **_Final Class Certification._** The Court again finds that the Action satisfies the applicable prerequisites for class action treatment, namely:

(a) The Settlement Class members are so numerous that joinder of all of them in the Action would be impracticable;

(b) There are questions of law and fact common to the Settlement Class members, which predominate over any individual questions;

(c) The claims of Hofstader and Cerenzia are typical of the claims of the Settlement Class members;

(d) Hofstader, Cerenzia, and Class Counsel have fairly and adequately represented and protected the interests of all the Settlement Class members; and

ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARD OF ATTORNEY FEES, COSTS, AND SERVICE AWARDS – 4

(e) Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

**A.** The Court finds that the settlement of the Action, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interests of the Settlement Class members, especially in light of the benefits to the Settlement Class members, the strength of the Plaintiffs' case, the complexity, expense and probable duration of further litigation, the risk and delay inherent in possible appeals, and the risk of collecting any judgment obtained on behalf of the class.

**B.** The Court finds: (1) The proposed settlement was fairly and honestly negotiated; (2) Serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt; (3) The value of an immediate relief outweighs the mere possibility of future relief after protracted and expensive litigation; and (4) the parties represent to this Court that the settlement is fair and reasonable.

7. ***Settlement Terms.*** The Agreement, which has been filed with the Court and shall be deemed incorporated herein, and the proposed settlement are finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. The material terms of the Agreement include, but are not limited to, the following:

    ***A.*** Defendant shall make the policy changes as described in the Agreement, ¶ 26.

    ***B.*** Defendant shall pay $2,500.00 to each of Hofstader and Cerenzia payable through the Class Administrator as an Incentive Payment for bringing and participating in this action;

    ***C.*** Class Counsel's hourly rates are fair and reasonable. Defendant shall pay to Class Counsel the sum of $95,000 as attorney fees and costs; and

    ***D.*** Plaintiffs' counsel shall pay the Class Administrator directly for notice costs.

8. ***Exclusions and Objections.*** Five (5) exclusions were received. The persons requesting exclusion are: Angela Faucett, Latoya Minnifield, Asher Rivera, Ignacio Stephens, and Heather Taylor. The Court hereby excludes these individuals from the Settlement Class.

ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARD OF ATTORNEY FEES, COSTS, AND SERVICE AWARDS – 6

    **A.**    The Settlement Class members were given an opportunity to object to the settlement. No Settlement Class members filed objections and no Class Members appeared at the Final Approval hearing to voice an objection.

    **B.**    This Order is binding on all Settlement Class members, except the individuals named in paragraph 8, who validly and timely excluded themselves from the Class.

9. ***Release of Claims and Dismissal of Action.*** The Class Representative, Settlement Class members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting class claims (monetary and non-monetary), and all non-monetary individual claims against the Released Parties, as set forth in the Agreement. Pursuant to the release contained in the Agreement, the Released Claims are compromised, discharged, and dismissed with prejudice by virtue of these proceedings and this Order.

10. The Action is hereby **DISMISSED WITH PREJUDICE** in all respects.

11. Without affecting the finality of this Final Judgment and Order of Dismissal with Prejudice, the Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the

Action and/or Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order.

12. The Clerk's Office is directed to **ENTER JUDGMENT** in Plaintiffs' favor and **CLOSE** this file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 19th day of February 2021.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARD OF ATTORNEY FEES, COSTS, AND SERVICE AWARDS – 8